IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| RONALD H. BROWN CHARTER | * | Chapter 11 |
| SCHOOL, A Pennsylvania Non-Profit | * | |
| Corporation, | * | Case No.: 1-06-bk-02119MDF |
|     Debtor | * | |
| | * | |
| HARRISBURG SCHOOL DISTRICT | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| RONALD H. BROWN CHARTER | * | |
| SCHOOL, A Pennsylvania Non-Profit | * | |
| Corporation, | * | |
|     Objectant | * | |

## OPINION

The issue before the Court is whether the automatic stay is applicable to an appeal pending before the Pennsylvania Commonwealth Court brought by Ronald H. Brown Charter School ("Debtor"). The Harrisburg School District (the "School District") argues that the stay does not apply to the proceeding because the action was initiated by Debtor. Alternatively, the School District argues that the proceedings before the Commonwealth Court are excepted from the stay under 11 U.S.C. § 362(b)(15). The School District also asserts that if the Court determines that the automatic stay is applicable, it should be lifted for cause. For the reasons set forth below, the Court finds that the proceedings before the Commonwealth Court are not stayed under 11 U.S.C. § 362(a).[1]

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(G) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

## Factual and Procedural History

Debtor is a public charter school licensed under the provisions of the Charter School Law, 24 P.S. § 17-1720-A *et seq*. As a political subdivision of the Commonwealth and pursuant to its powers under the Charter School Law, the School District issued a charter to Debtor in 2000. Debtor filed a timely request for renewal of the charter, which was scheduled to expire in June 2005. The School District denied the request, and Debtor appealed the decision to the State Charter School Appeal Board (the "CAB").[2] After conducting the hearings required under the statute, CAB issued an order dated July 19, 2006 denying Debtor's appeal of the School District's decision not to renew the charter. On July 26, 2006, Debtor appealed the CAB's order to the Commonwealth Court. On September 27, 2006, Debtor filed its chapter 11 petition and, shortly thereafter, notified the Commonwealth Court that the bankruptcy filing stayed the proceeding before the court. The School District filed a Motion for Relief from the Automatic Stay ("Motion") in which it argued both that the automatic stay did not apply to the appeal before the Commonwealth Court and that, if it did apply, cause existed for lifting the stay.

## Discussion

    *a.*    *The appeal before the Commonwealth Court is not an action or proceeding against the debtor*

Section 362 of the Bankruptcy Code provides that the filing of a petition commences a stay of :

---

[2] In Pennsylvania, the State Charter School Appeal Board is the administrative agency with exclusive jurisdiction to review the appeal of a local school board decision not to renew a charter. *McKeesport Area School District v. Propel Charter School McKeesport*, 888 A.2d 912 (Pa. Commonwealth Ct. 2005).

2

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)(1)(emphasis added). The broad scope of the automatic stay serves several purposes. It gives a debtor a breathing spell from collection efforts by creditors while providing a debtor with an opportunity to address creditor claims through an orderly process. *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp*, 682 F.2d 446, 448 (3d Cir. 1982). "Although the scope of the stay is broad, the clear language of section 362(a) indicates that it stays only proceedings *against* a 'debtor' – the term used by the statute itself." *Maritime Elec. Co., Inc. V. United Jersey Bank* 959 F.2d 1194, 1204 (3d Cir. 1991) *citing St. Croix*, 682 F.2d at 448. The application of the automatic stay to a judicial proceeding is determined by ascertaining who was the moving party at the commencement of the proceeding. *St Croix*, 682 F.2d 449. "Thus, the dispositive question is whether a proceeding was 'originally brought against the debtor.'" *Maritime Elec. Co.*, 959 F.2d at 1204. *See also Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner of Internal Revenue*, 249 F.3d 175, 180 (proceedings initiated by debtor in Tax Court not subject to automatic stay).

The cause of action that is the subject of the Commonwealth Court appeal was commenced by Debtor's application to renew its charter. Further, the appeals to the CAB and to the Commonwealth Court were initiated by Debtor. Therefore, the filing of the bankruptcy petition did not invoke the operation of the automatic stay under § 362(a) because none of these actionss were brought by another party *against* Debtor.

3

> b. *The proceeding in Commonwealth Court involves an action by a state licensing body and is exempt from the automatic stay under 11 U.S.C. § 362(b)(15).*

Even if the School District, rather than Debtor, had initiated the appeal before Commonwealth Court, the state court proceedings would not be stayed automatically. Section 362(b)(15) provides that the automatic stay does not apply to "any action by a State licensing body regarding the licensure of the debtor as an educational institution." Black's Law Dictionary provides several definitions of the word "charter," one of which is "an act of a legislature creating a business corporation, or creating and defining the franchise of a corporation." *Black's Law Dictionary* 235-36 (6th ed. 1990). When used in the context of "charter school," a charter is a license from the state that enables a private, non-profit corporation to function as a public school. Debtor's charter, which is the subject of the Commonwealth Court appeal, was issued by the School District under the provisions of the Charter School Law. *See* 24 P.S. § 17-1717-A. Under state law, the board of school directors of the district where the charter school is located has the power to grant or to deny a charter subject to *de novo* review by the CAB. *See* 24 P.S. § 17-1717(A)(i)(6); *West Chester Area School District v. Collegium Charter School*, 760 A.2d 452 (Pa. Commonwealth Ct. 2000). Although the application for renewal of the charter was commenced by Debtor, for purposes of § 362(b)(15), the School District is a "state licensing body," and the subject of the appeal is the denial of a "license" to operate as an educational institution.[3]

---

[3]Pennsylvania school districts are political subdivisions of the Commonwealth and serve as its agents for administering the state system of public education. *Pennsylvania Human Relations Commission v. School District of Philadelphia*, 681 A.2d 1366, 1382 (Pa. Commonwealth Ct. 1997) *citing Wilson v. School District of Philadelphia*, 328 Pa. 225, 195 A. 90 (1937).

Case 1:06-bk-02119-MDF    Doc 54    Filed 01/26/07    Entered 01/29/07 08:58:02    Desc
Main Document      Page 4 of 6

"It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030 (2004). It is clear that Congress did not intend for the automatic stay to apply to the licensing of educational institutions. Not only are actions by state licensing bodies exempt from the stay, but actions involving the accreditation status of a debtor also are excluded. 11 U.S.C. § 362(b)(14). These exemptions from the stay are complimented by § 541(b)(3), which excludes from property of the estate any accreditation status or state licensure of the debtor as an educational institution. 11 U.S.C. § 541(b)(3). Accordingly, I find additional grounds to support a holding that the filing of Debtor's petition did not automatically stay the proceeding before the Commonwealth Court. These proceedings are excluded from the scope of the stay under § 362(b)(15).

> c. *If the automatic stay were in force, the School District has established cause for lifting the stay.*

In response to the School District's Motion, Debtor filed a Complaint requesting the Court to enjoin further proceedings in Commonwealth Court to afford Debtor the opportunity to file a plan of reorganization and disclosure statement.

> Should this Court allow the Appeal in the Commonwealth Court to proceed prior to ruling upon the [Debtor's] Plan of Reorganization, the Commonwealth Court would be left with the false impression that (1) certain debts exist that are, in fact, to be discharged and that (2) certain contractual obligations exist that have, in fact, been rejected, all of which constituted a major factor in the original denial of the [Debtor's] charter.

Debtor's Complaint, ¶ 14. In its Motion, the School District asserts that the appeal should not be stayed until a plan is confirmed because Debtor's efforts to reorganize will have no impact on

5

the Commonwealth Court's deliberations and ultimate decision. Because the CAB is the administrative agency with exclusive jurisdiction to review the School District's decision, the Commonwealth Court serves as an appellate court when reviewing an appeal of a CAB order. Therefore, the Commonwealth Court must affirm the CAB's determination unless it finds that "the adjudication violates constitutional rights, is not in accordance with the law, or is not supported by substantial evidence." *Shenango Valley Regional Charter School v. Hermitage School District,* 756 A.2d 1191 (Pa.Cmwlth.2000). If I were to impose the stay, Debtor would incur the time and expense of proposing a plan. But without a charter and the accompanying state funding, how would this court determine feasibility? After proposing a plan, Debtor would have to return to Commonwealth Court to resolve the appeal before confirmation could proceed. Because the Commonwealth Court may not consider evidence of subsequent remedial action whether the matter is heard immediately or after a plan of reorganization is proposed, Debtor's efforts to reorganize will have no bearing on the ultimate decision of the state court. For these reasons, I find that if the automatic stay did apply to the Commonwealth Court proceedings, the School District has established adequate cause to grant relief from the stay. An appropriate order follows.

By the Court,

*Mary D. France*
Bankruptcy Judge

This document is electronically signed and filed on the same date.

Date: January 26, 2007